## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO. _____ |
| RITZ-CARLTON HOTEL COMPANY, LLC, | | |
| *Defendants*. | | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

Plaintiff Landmark American Insurance Company files this Original Complaint for Declaratory Judgment and respectfully shows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Landmark American Insurance Company ("Landmark") is an insurer corporation organized under the laws of the State of Oklahoma and having its principal place of business in Atlanta, Georgia and is a citizen of both Oklahoma and Georgia.

2. Defendant Ritz-Carlton Hotel Company, L.L.C. ("Ritz") is a limited liability company organized under the laws of the State of Delaware and having its principal place of business in Maryland. The sole member of the Ritz is Marriott International, Inc. ("Marriott"), a corporation organized under the laws of the State of Delaware and having its principal place of business in Maryland. Ritz is a citizen of Delaware and Maryland. Ritz may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication. A decision on these issues will directly affect underlying litigation involving Defendants.

4. Venue is proper in the Northern District of Texas, Dallas Division under 28 U.S.C. § 1391 because the underlying lawsuit giving rise to the claims at issue is in this district.

## BACKGROUND

5. This declaratory judgment action is brought to resolve certain insurance coverage issues arising out of a lawsuit pending against Ritz styled *Jeanette Engler, et al. v. The Ritz-Carlton Hotel Company, LLC,* Cause No. DC-18-7624, in the 192nd District Court of Dallas County, Texas (the "Underlying Lawsuit").

6. JESV and Marriott separately entered into a Staffing Services Agreement on April 25, 2012, to provide housekeeping and other services at the Ritz's Dallas location (the "SSA"). Per SSA § 12 – Insurance and Risk of Loss – JESV is to obtain various insurance policies, including a commercial general liability policy with a minimum occurrence limit of $1,000,000. Per section 12.1(A)(4), the commercial general liability policy is to be endorsed to name Marriott and Marriott Affiliates (e.g., Ritz) as additional insureds under the Policy. In accordance with the terms of its policy and the relevant contract entered into between Landmark's insured, J.E.S.V. Inc. d/b/a Premier Cleaning Services ("JESV") and Marriott, Landmark agreed to defend Ritz as additional insured, subject to a reservation of rights. On October 14, 2020, plaintiffs to the Underlying Lawsuit filed their Seventh Amended Petition, which asserted various claims against

JESV and Ritz for alleged damages, all purportedly stemming from a burglary and vandalism of plaintiffs' room and belongings when they stayed at the Ritz in March 2017.

7. On November 4, 2021, following a series of multiple summary judgments granted in JESV's favor and a series of summary judgments filed by Ritz, the Court entered a Final Judgment disposing of all claims and all parties in which JESV and Ritz were found not liable on any claims at issue in the Underlying Lawsuit. Plaintiffs in the Underlying Lawsuit appealed the Final Judgment only against the Ritz, which is pending in the Fifth District Court of Appeals under No. 05-22-00067-CV (the "Appeal"). Plaintiffs in the Underlying Lawsuit did not challenge any portion of the judgment related to the court's no-liability findings regarding Landmark's named insured, JESV. Following the Final Judgment in favor of JESV, Landmark withdrew its defense of Ritz in the appeal consistent with its obligations under the additional insured coverage provided for Ritz. Ritz continues to dispute Landmark's withdrawal of a defense, urging that Landmark's defense obligation continues through the appeal.

## THE LANDMARK POLICY

8. Landmark issued general commercial liability policy no. LHA110933 to JESV, for the term 11/30/2016 through 11/30/2017 (the "Policy"), which relevantly includes an each-occurrence limit of $1,000,000 and a general aggregate limit of $2,000,000. The insuring agreement of the Policy (with applicable exclusion, definitions, and endorsement) provides in relevant part:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will

have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

\* \* \*

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily harm, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

\* \* \*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. Section II – Who Is An Insured is amended to include as an additional insured any person(s) or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

---

**LANDMARK'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT—Page 4**

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or
(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

C. With respect to the insurance afforded to these additional insureds, the following is added to SECTION III – Limits of Insurance:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by contract or agreement; or
2. Available under the applicable Limits of Insurance shown in the Declarations, whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

All other terms and conditions of this policy remain unchanged.

## DECLARATORY RELIEF SOUGHT

9. Landmark seeks a declaration that it has no further obligation to defend or indemnify Ritz as an additional insured in the Underlying Lawsuit once the trial court in the Underlying Lawsuit entered Final Judgment in favor of JESV on November 4, 2021.

10. Under the plain language of the above-quoted Policy endorsement, any person or organization—including Ritz—qualifies as additional insured under the Policy "**only with respect to liability for 'bodily injury', 'property damage' [and] 'personal and advertising injury'**

**caused, in whole or in part, by [JESV]'s acts or omissions[.]**" Therefore, once the trial court found by the Final Judgment that Ritz's liability could not have been caused, in whole or in part, by JESV's acts and omissions, Landmark's obligation to defend Ritz ended. Consequently, Landmark owes no duty to defend or indemnify Ritz as an "additional insured" as of the date of the Final Judgment, November 4, 2021.[1]

## PRAYER

THEREFORE, Landmark requests that the Court enter a declaratory judgment that Landmark owes no further obligation to Ritz as an additional insured once the unappealed and unchallenged final judgment was rendered, which found that JESV's acts and omissions did not cause any alleged damages. Landmark further requests that the Court award it all other further relief to which it may be entitled.

---

[1] To clarify, Landmark does not challenge its duty to defend Ritz in the Underlying Lawsuit until the unchallenged and unappealed Final Judgment was rendered in favor of JESV in the Underlying Lawsuit on November 4, 2021. Further, Marriot is not a named party in the Underlying Lawsuit.

Respectfully submitted,

*/s/ Jo Allison Stasney*

Jo Allison Stasney
State Bar No. 19080280
jstasney@thompsoncoe.com
J. Richard Harmon
State Bar No. 09020700
rharmon@thompsoncoe.com
John M. Wiggins
State Bar No. 24115950
jwiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209

**COUNSEL FOR LANDMARK AMERICAN INSURANCE COMPANY**